UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
RASHAD SALEH and
GUN HILL GOURMET CORP.,

                        Plaintiffs,                    COMPLAINT

      -against-                               Case No.:

UNITED STATES OF AMERICA,
UNITED STATES DEPARTMENT OF AGRICULTURE,
FOOD AND NUTRITION SERVICE,

                        Defendants.
-----------------------------------------------------------------x

      The Plaintiffs, RASHAD SALEH and GUN HILL GOURMET CORP., by their attorney, JESS M. BERKOWITZ, ESQ., complaining of the Defendants, UNITED STATES OF AMERICA, UNITED STATES DEPARTMENT OF AGRICULTURE, FOOD AND NUTRITION SERVICE, in the above-entitled action, respectfully allege as follows:

      1. Jurisdiction over this cause of action is founded under Section 14 of the Food and Nutrition Act of 2008 (7 U.S.C. §2023) and Section 279.7 of the Regulations of the United States Department of Agriculture, and Food and Nutrition Service (7 CFR § 279.7).

      2. The Plaintiff, RASHAD SALEH resides in the County of Bronx, City and State of New York and submits his Declaration of Plaintiff attached hereto and annexed as part hereof.

      3. The Plaintiff, GUN HILL GOURMET CORP., is a corporation organized under laws of the State of New York, with its principal place of business located at No. 234 East Gun Hill Road, Bronx, New York 10467, wherein it owns and operates a retail deli/grocery/convenience store.

      4. The Plaintiff, RASHAD SALEH is the sole proprietor of GUN HILL GOURMET CORP., in which he has invested his life savings to purchase and renovate this store premises

with the installation of new furnishings, fixtures and equipment necessary for the operation of a retail deli/grocery/convenience store.

5. After establishing this business, under the name of GUN HILL GOURMET CORP.., on or about May 7, 2021, the Plaintiffs submitted an application to the United States Department of Agriculture, Food and Nutrition Service for authorization to participate as retail owners in the Food Stamp Program/Supplemental Nutrition Assistance Program (SNAP). The Plaintiff's application was approved by the Defendants in July, 2021. Prior to the incidents that gave rise to this proceeding, the Plaintiffs performance and record in the Food Stamp Program, Supplemental Nutrition Assistance Program (SNAP) has been exemplary and unblemished.

6. By letter of charges, dated November 8, 2023 the Defendants informed the Plaintiffs that they were charged with violating Section 278.2(a) of Supplemental Nutrition Assistance Program (SNAP) regulations as a result of accepting Supplemental Nutrition Assistance Program Benefits (SNAP) in exchange for merchandise, which, in addition to eligible foods, include "common non-food items" on three (3) separate occasions, copy of said letter is annexed hereto as Exhibit "A".

7. The Defendant's attached a Report of Positive Investigation with Investigative Transaction Reports to said letter indicating that on three (3) occasions during a period of fourteen (14) days, from July 31, 2023 thru August 13, 2023, ineligible items had been sold, and as a result, the Plaintiffs' business was being considered for disqualification from the Supplemental Nutrition Assistance Program (SNAP) for a period of six (6) months, or the imposition of a Civil Money Penalty, if applicable, in lieu of the disqualification, said Investigative Transaction Reports are annexed hereto as Exhibit "B".

8. In response to the Defendant's letter of charges, on November 17, 2023, Plaintiffs, through counsel responded to the letter of charges which consisted only of a request for an extension in time to respond, however, neither counsel nor the Appellant submitted additional information.

9. By letter dated December 22, 2023, Denise Thomas, the Section Chief, Retailer Operations Division of the USDA, Food and Nutrition Service, Supplemental Nutrition Assistance Program (SNAP), issued a determination that the Plaintiffs should be disqualified from participation in the Supplemental Nutrition Assistance Program (SNAP) for a period of six (6) months as result of the violations set forth in the letter of charges and Transaction Reports and refused to offer Plaintiffs a Hardship Civil Money Penalty in lieu of a six (6) month disqualification from the SNAP, copy of said letter is annexed hereto as Exhibit "C".

10. In response to the Defendant's determination, Plaintiffs, through counsel submitted a reply dated January 5, 2024, appealed the Retailer Operations Division's determination by requesting an Administrative Review of the Retailer Operations Division's determination to disqualify the Plaintiffs from participation in the Supplemental Nutrition Assistance Program (SNAP) for a period of six (6) months and requested that Defendants offer a Hardship Civil Money Penalty in lieu of the disqualification.

11. The Defendants have now rendered a Final Agency Decision sustaining the decision to disqualify the Plaintiffs from participation in the Supplemental Nutrition Assistance Program (SNAP) for a period of six (6) months as a result of alleged sales of ineligible items in exchange for Electronic Benefit Transfer Food Benefits as contained in a Final Agency Decision letter signed by Lorie L. Conneen, Administrative Review Officer, dated and delivered on March 25, 2025, wherein they refused to offer

Plaintiff a Hardship Civil Money Penalty in lieu of a six (6) month period of disqualification, a copy of which is annexed to the Complaint in this action as Exhibit "D".

12. That subsequent to each letter or decision a response or request for review was timely taken by the Plaintiffs within the Defendants' administrative framework, and the result of these appeals or reviews was to ultimately sustain and uphold the Defendants' decision to disqualify the Plaintiffs from participating in the Supplemental Assistance Program (SNAP) for a period of six (6) months.

13. Such determination has been made without the Plaintiffs having been afforded the opportunity to confront and examine witnesses, review unredacted information in the Defendant's reports and the investigations and documents that form the basis of the charges lodged against said Plaintiffs so they may adequately defend themselves and be given due process.

14. This is a suit for judicial review of the determination and decision of the Defendants, UNITED STATES OF AMERICA, UNITED STATES DEPARTMENT OF AGRICULTURE, FOOD AND NUTRITION SERVICE, to disqualify Plaintiffs from SNAP, in accordance with the provisions of Title 7 United States Code §2023 and CFR §279.7 of the Regulations of the United States Department of Agriculture, Food and Nutrition Service pertaining to the Supplemental Nutrition Assistance Program (SNAP).

15. The Plaintiffs have at all times and continue to deny the allegations contained in the letter of charges categorically denying each and every charge or violation set forth by the Defendants which constitute the grounds for the Plaintiffs disqualification

4

as participants in the Supplemental Nutrition Assistance Program (SNAP) for a period of six (6) months as described in the letter of charges and Transaction Reports.

16. The Defendants' decision to disqualify the Plaintiffs from participation in the Supplemental Nutrition Assistance Program (SNAP) is arbitrary and capricious and without merit for the following reasons:

(a) The failure of the Defendant's Investigators to obtain a positive identification during the three (3) instances wherein clerk(s) at this owner's store are alleged to have sold the ineligible items and where the Plaintiff denies that such a person as identified in the Transaction Reports annexed hereto as Exhibits "A", "B" and C", worked in the store on the dates and times in question.

(b) The fact that all of the so-called ineligible items allegedly sold were inexpensive items, based on and contained in the notations in the Investigative Transaction Report, annexed hereto as Exhibits "A", "B" and "C".

(c) The redaction in the Investigative Reports and the failure to provide the time spent in the store on each investigative visit, namely the time of entry and departure, deprives the Plaintiffs of the opportunity to consider whether the investigation was conducted for a sufficient period of time to be complete and thorough.

(d) The Plaintiffs have not been afforded an opportunity to confront and examine witnesses, particularly the Defendants' Investigators who investigated this business and charged Plaintiffs with the violations of the Supplemental Nutrition Assistance Program Regulations (SNAP).

(e) The failure to provide timely notice of evidence of violations where the complained acts occurred approximately three (3) months prior to the letter of charges being delivered to Plaintiffs.

17. In addition, The Defendants have failed to consider the following factors and evidence in their decision:

(a) The Plaintiff's unblemished record as an owner participating in the Supplemental Nutrition Assistance Program (SNAP) since 2021.

(b) The sanction of disqualification from participation in the Supplemental Nutrition Assistance Program (SNAP) for a period of six (6) months is excessive under the circumstances herein, if, in fact, the charges lodged against the Plaintiffs are sustained is excessive and punitive.

(c) That according to Defendant's own records during a period of fourteen (14) days, from July 31, 2023 thru August 13, 2023, and were of negligible value and negligible profit, after four (4) undercover visits to the store.

18. It is submitted that the redactions in the Transaction Reports and Defendant's failure to reveal the entry and departure time is designed to avoid the necessary disclosure of the period of the time the investigator spent in the store, and the true identification of the clerk since the store records would reveal who was working at the time each investigation was conducted.

19. Additionally, it is also submitted that the charge of selling common ineligible non-food items as alleged in the Investigation Transaction Reports are incredible and untrustworthy.

20. It is important to note that during none of the visits to the store did the FNS "Investigator" videotape or audio record his or her attempt to entrap the employees of this firm into accepting Supplemental Nutrition Assistance Program (SNAP) Benefits in exchange for

merchandise, which, in addition to eligible foods, include common non-food item or his or her failed attempts to engage in "trafficking" to wit, exchanging SNAP benefits for cash.

21. It is also important to note that the Defendants employed the same FNS Investigator to attempt to entrap the employees of this firm into accepting SNAP benefits in exchange for cash on August 13, 2023, as noted in Exhibit "C" of the Investigative Transaction Report, by attempting to get cash off the EBT card when the clerk was asked "if I could get cash back off my EBT card, however the clerk refused" to violate the SNAP regulations to benefit the undercover FNS Investigator by exchanging Food Stamp benefits for cash with the Investigator.

22. Where the nature and total cost of the alleged common ineligible non-food items purchased are as follows:

1. On July 31, 2023, one (1) Package of "Sunset" Uncoated Paper Plates (100 ct 9 inch), @ $ 4.99 and one (1) Box of "Sunset" Heavyweight Premium Cutlery ( 24 Forks), @ $ 1.79, as noted in Exhibit "A".

2. On August 9, 2023, one (1) Box of "Red & White" Premium Quality Trash Bags (10 Bags, 30 Gallon), no price indicated and one (1) Box of "Reynold Wrap" Aluminum Foil ( 30 sq ft), @ $ 3.99, as noted in Exhibit "B".

3. On August 13, 2023, one (1) Bottle of "Fabreze" Air Mist Air freshener (8.8 oz), @ $ 4.99 and one (1) Box of "Bounce" Dryer Sheets (15 Sheets), @ $ 2.49, as noted in Exhibit "C".

23. That where the total prices indicated is less than $ 18.00 and there are no other prices indicated of the other common non-food items alleged to have been exchanged for SNAP benefits according to the Investigative Transaction Reports, and there is no allegation that benefits were trafficked, no cash received, and particularly compared to the failed attempt by the FNS that the Investigator in his or her attempts to induce the employee to accept SNAP benefits in exchange for cash on August 13, 2023 as stated in Exhibit "C" evidences that the penalty

imposed on this owner is unduly harsh and excessive and the actions of the agency are coercive and unconscionable.

24. Furthermore, it is inconceivable and unreasonable to believe that this owner would jeopardize a solvent and successful business and the source of his livelihood for an unknown but certainly meager sum which would have been earned by the sale of these ineligible items.

25. It is further alleged that the Defendants targeting this particular store and firm with no history of SNAP violations and attempting to entrap these particular employees working as cashiers and/or clerks with limited knowledge of English, who had initially refused to engage in requested violations is patently unethical and prejudicial.

26. That to disqualify this owner for a six (6) month period, merely due to alleged "carelessness and poor supervision", even if it did occur as alleged, will result in irreparable injury and damage to the Plaintiffs if this disqualification is imposed.

27. The Defendants' decision to disqualify the Plaintiffs from the Supplemental Nutrition Assistance Program (SNAP) is arbitrary and capricious and is in violation of the Defendants' own Regulations.

28. The Plaintiffs have exhausted all administrative remedies herein.

WHEREFORE, the Plaintiffs' respectfully requests this Court to review and set aside the decision and determination of the Defendants, UNITED STATES OF AMERICA, UNITED STATES DEPARTMENT OF AGRICULTURE, FOOD AND NUTRITION SERVICE to disqualify Plaintiffs from the Supplemental Nutrition Assistance Program SNAP) for six (6) months and for such other and further relief as to this Court may be just and proper.

Dated: New York, New York
April 4, 2025

JESS M. BERKOWITZ (JMB3316)

Attorney for Plaintiffs<br>
Office & P.O. Address<br>
401 Broadway, Room 2306<br>
New York, New York 10013<br>
(917) 733-7701